505080

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION AT MEMPHIS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

        Plaintiff,

vs.                                             NO. _____

ROGER A. HOPSON, CYNTHIA HOPSON,
ANGELA HOPSON, NOAH W. THOMAS,
AND EAN HOLDINGS, LLC
D/B/A ENTERPRISE RENT-A-CAR, TENNESSEE
FARMERS MUTUAL INSURANCE COMPANY,

        Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** State Farm Mutual Automobile Insurance Company, pursuant to the Declaratory Judgment Act codified at 28 U.S.C. §2201, et seq. and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment against Roger A. Hopson, Angela Hopson, Cynthia Hopson, Noah W. Thomas and EAN Holdings, LLC and would state and show as follows:

1. Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") is an Illinois corporation with its principal place of business located in Bloomington, Illinois, and duly qualified to do business in Tennessee.

2. Noah W. Thomas is an adult resident citizen of McNairy County, Tennessee and may be served with process at 240 Lynch Lane, Bethel Springs, Tennessee 38315.

3. Roger A. Hopson is an adult resident citizen of Wilson County, Tennessee and may be served with process at 3033 Trice Place, Lebanon, Tennessee 37087

4. Cynthia Hopson is an adult resident citizen of Wilson County, Tennessee and may be served with process at 3033 Trice Place, Lebanon, Tennessee 37087

5. Angela Hopson is an adult resident citizen of Madison County, Tennessee and may be served with process at 46 Ridgewood Cove, Jackson, Tennessee 38305.

6. EAN Holdings, LLC d/b/a Enterprise Rent-A-Car is a foreign Limited Liability Company formed in Delaware and active and authorized to do business in Tennessee, and may be served with process through their registered agent CT Corporation System at 300 Montvue Road, Knoxville, Tennessee 37919.

7. Tennessee Farmers Mutual Insurance Company is an Tennessee corporation with its principal place of business located in Tennessee and duly qualified to do business in Tennessee, and may be served with process through the Tennessee Commissioner of Insurance.

8. Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

9. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391, and Local Rule of Court 77.1(c), because it is the district in which a substantial part of the events giving rise to the claim occurred and in which at least one Defendant resides.

10. Plaintiff State Farm issued an Auto Liability Insurance Policy, bearing Policy number 136 0674-D27-42A with an effective date of October 27, 2017 – April 27, 2018 to Roger and Cynthia Hopson in the State of Tennessee insuring a 2004 Toyota Tundra. (Attached hereto as *Exhibit A*).

11. On November 7, 2018, Noah W. Thomas, filed a Complaint for personal injury

damages ("Tort Complaint") in the Circuit Court of Tennessee in Madison County under docket number C-18-271 against Angela J. Hopson. The tort complaint seeks damages arising out of the automobile accident that occurred on December 19, 2017 in Shelby County, Tennessee. (Copy of Tort Complaint attached hereto as *Exhibit B*). Compensatory damages are requested in an amount not to exceed $750,000.

12. At the time of the auto accident mentioned above, Angela J. Hopson was driving a vehicle rented from Enterprise Rent-A-Car on October 25, 2017. The vehicle was a 2017 Nissan Maxima, VIN Number 1N4AA0AP5NC418747. (Rental Agreement attached as **Exhibit C**). Said vehicle was rented to Roger Hopson with Angela Hopson listed as an additional driver. The rental period exceeded 31 or more consecutive days immediately prior to the date of the accident or loss. There is no information that Mr. Hopson's vehicle was out of use due to its breakdown, repair, servicing, damaging or theft. Further there is no indication that Roger Hopson or Angela Hopson registered the rental vehicle. The 2017 Nissan Maxim does not qualify as a covered vehicle under the given policy.

13. The policy of insurance enforce on the date of loss states in part:

**THIS POLICY**

2. This policy contains all of the agreements between all named insureds and applicants and:
    a. *us*; and

    b. any of *our* agents.

3. *We* agree to provide insurance according to the terms of this policy:

    a. based on payment of premium for the coverages chosen; and

    b. unless otherwise stated in EXCEPTIONS, POLICY BOOKLET, AND ENDORSEMENTS on the Declarations Page, in reliance on the following statements:

3

    (1) The named insured is the sole owner of *your car*.

4. All named insured and applicants agree by acceptance of this policy that:

  a. the statements in 3.b. above are made by the named insured or applicant and are true; and

  b. *we* provide this insurance on the basis those statements are true.

**DEFINITIONS**

...

*Newly Acquired Car* means a *car* newly *owned by you* or a *resident relative*.

A *car* ceases to be a *newly acquired car* on the earlier of:

1. the effective date and time of a policy, including any binder, issued by *us* or any other company that describes the *car* as an insured vehicle; or

2. the end of the 14th calendar day immediately following the date the *car* is delivered to *you* or a *resident relative*.

*Non-Owned Car* means a *car* that is in the lawful possession of you and or any *resident relative* and that neither;

1. is *owned by*:

  a. *you*;

  b. any *resident relative*;

  c. any other *person* who resides primarily in *your* household; or

...

2. has been operated by, rented by, or in the possession of:

  a. you; or

  b. any resident relative

  during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or loss.

*Occupying* means in, on, entering, or exciting.

*Our* means the Company issuing this policy as shown on the Declarations Page.

*Owned By* means:

1. owned by;

2. registered to; or

4

...

***Resident Relative*** means a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption. An unmarried and unemancipated child of that named insured or his or her spouse is considered to reside primarily with that named insured while that child is away at school and otherwise maintains his or her primary residence with that named insured; or

...

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:

   a. breakdown;

   b. repair;

   c. servicing;

   d. damage; or

   e. theft; and

2. neither you nor the person operating it own or have registered.

...

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then *"you"* or *"your"* includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

***Your car*** means the vehicle shown under YOUR CAR on the Declarations Page. ***Your Car*** does not include a vehicle that you no longer own or lease.

...

14. Angela J. Hopson has requested a defense and indemnity under the policy of insurance at issue with regard to the underlying tort complaint.

15. Plaintiff asserts and contends that no coverage exists for liability motorist coverage, under the aforementioned policy of insurance for any damages claimed against Angela Hopson pursuant to the policy issued for the 2004 Toyota Tundra, policy number 0136 0674-

D27-42A in the underlying tort complaints. As such, an actual and justiciable controversy exists. Plaintiff asserts and contends that neither Roger Hopson nor Angela Hopson are provided indemnity and/or a duty to defend under said State Farm policy as the rental vehicle Angela Hopson was driving that is subject to this lawsuit was not a temporary substitute, newly-acquired or non-owned automobile or car as defined in the policy, or a trailer as covered in the policy.

16. Plaintiff asserts and contends that the vehicle involved in the accident in the underlying tort complaints does not constitute either a temporary substitute, newly-acquired or non-owned automobile or car as defined in the policy. Therefore, the 2017 Nissan Maxim does not qualify as a covered vehicle under the given policy.

17. Plaintiff asserts the accident in the underlying tort complaints did not arise out of the ownership, maintenance, use, loading or unloading of an insured vehicle.

18. Plaintiff asserts the vehicle which the Angela Hopson was operating was owned by EAN Holdings, LLC and was not a covered automobile for Motor Vehicle Coverage under the policy, so as to exclude Angela Hopson a duty to defend and indemnity in the underlying tort complaint.

19. Plaintiff asserts there was no contract of insurance in effect in the underlying tort complaints for any claims of Noah W. Thomas.

20. Noah W. Thomas, Roger A. Hopson, Cynthia Hopson, Angela Hopson, and EAN Holdings, LLC d/b/a Enterprise Rent-A-Car are named as interested parties in this matter.

21. Plaintiff demands a jury to the extent entitled by law.

WHEREFORE PREMISES CONSIDERED, Plaintiff State Farm Mutual Automobile Insurance Company prays:

1. That process issue and be served upon Defendants requiring answers to this Complaint for Declaratory Judgment;

2. For a declaration of the rights, obligations and legal relations of the parties by reason of the aforesaid policy of insurance;

3. For a declaration that Plaintiff is not obligated under the policy for any Motor Vehicle Coverage;

4. For the costs of this cause; and

5. For such other relief to which Plaintiff may be entitled under the facts and circumstances of this cause.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

**HICKMAN GOZA & SPRAGINS, PLLC**
Attorneys at Law
P.O. Box 16340
Memphis, TN 38186
Ph: (901) 881-9840

*/s/ Dawn Davis Carson*
DAWN DAVIS CARSON, #21416