IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01094-JDB-jay |
| | ) | |
| ROGER A HOPSON, CYNTHIA HOPSON, ANGELA HOPSON, NOAH W. THOMAS, EAN HOLDINGS, LLC D/B/A ENTERPRISE RENT-A-CAR, TENNESSEE, and FARMERS MUTUAL INSURANCE COMPANY, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

---

## REPORT AND RECOMMENDATION

---

On November 6, 2019, the Clerk entered default as to Defendants Angela Hopson, Cynthia Hopson, and Roger Hopson (the "Hopsons"). (Docket Entry ["D.E."] 47.) Subsequently, Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") filed its pending Motion for Default Judgment ("Motion for Default") against the Hopsons. (D.E. 49.) The Motion for Default Judgment was referred to the undersigned Magistrate Judge for report and recommendation. (D.E. 51.) The Hopsons have not filed an Answer or otherwise defended against the Plaintiff's claims. Despite this failure and for the reasons set forth below, I respectfully recommend that the District Court DENY the Motion for Default.

### Standard

Federal Rule of Civil Procedure 55(b)(2) governs default judgment. *See* Fed. R. Civ. P. 55(b). "Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the complaint, except those relating to damages." *Microsoft Corp.*

*v. McGee,* 490 F.Supp.2d 874, 878 (S.D. Ohio 2007) (citing *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110–11 (6th Cir.1995)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation-other than one relating to the amount of damages-is admitted if a responsive pleading is required and the allegation is not denied."). Unlike factual allegations, "legal conclusions are not deemed admitted as a result of the entry of default." *Krowtoh II LLC v. Excelsius Int'l Ltd.,* No. 04–505–KSF, 2007 WL 5023591, at * 3 (E.D. Ky. Dec.17, 2007) (citations omitted). If the factual allegations provide a sufficient legal basis, the Court will enter a default judgment and conduct an inquiry to determine damages and other relief. *See Coach, Inc. v. Cellular Planet,* No. 2:09–cv–00241, 2010 U.S. Dist. LEXIS 45087, at *7, 2010 WL 1853424 (S.D. Ohio May 7, 2010) (citing *Arista Records, Inc. v. Beker Enters.,* 298 F.Supp.2d 1310, 1311–12 (S.D. Fla.2003)). "A hearing is not necessary when determining appropriate relief does not require a court to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence or investigate any other matter." *See Certain Underwriters at Lloyd's, London v. Alkabsh,* No. 09-2711, 2011 WL 938407, *8 (W.D. Tenn. Mar. 15, 2011.)

### Proposed Findings of Fact[1]

On October 25, 2017, Roger Hopson rented a Nissan Maxima (the "Rental Vehicle") from Enterprise Rent-A-Car. (D.E. 1, PageID 3, ¶ 12.) Angela Hopson was listed as an additional driver. (*Id.*) On December 19, 2017, while driving the Rental Vehicle, Angela Hopson was involved in an automobile accident with Noah W. Thomas. (*Id.*, PageID 2-3, ¶¶ 11-12.)

---

[1] Due to the Hopsons' failure to respond to the Complaint, I base these proposed finding of fact on the well pleaded allegations contained in the Complaint.

Mr. Thomas subsequently filed a state court action against Angela Hopson arising from the accident. (*Id*.)  In the state court action against Angela Hopson, Mr. Thomas seeks compensatory damages not to exceed $750,000.00. (*Id*., PageID 2-4, ¶ 11.)

At the time of the accident, Roger Hopson and Cynthia Hopson were the holders of a State Farm Auto Liability Insurance Policy (the "Policy") which insured a Toyota Tundra ("Mr. Hopson's Vehicle"). (*Id.*, PageID 2, ¶ 10.) Angela Hopson has requested that State Farm indemnify and defend her from Mr. Thomas's pending state court action pursuant to the Policy. (*Id*., PageID 5, ¶ 14.) State Farm contends that the Rental Vehicle was not covered under the Policy as a Newly Acquired Car, Non-Owned Car, and/or Temporary Substitute Car; therefore, State Farm has no duty to indemnify or defend Angela Hopson in Mr. Thomas's pending state court action. (*Id*., PageID 5-6, ¶¶ 16-19.)

The Policy contains the following relevant definitions:

***Newly Acquired Car*** means a ***car*** newly ***owned by you*** or a ***resident relative.***

A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
2. the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you*** or a ***resident relative.***

***Non-Owned Car*** means a ***car*** that is in the lawful possession of you and or any ***resident relative*** and that neither;

1. is ***owned by:***
   a. ***you;***
   b. any ***resident relative;***
   c. any other ***person*** who resides primarily in ***your*** household;  or
2. has been operated by, rented by, or in the possession of:
   a. you; or

3

      b. any resident relative during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or loss.

**Temporary Substitute Car** means a **car** that is in the lawful possession of the **person** *operating it and that:*

    1. replaces **your car** for a short time while **your car** is out of use due to its:
        a. breakdown;
        b. repair;
        c. servicing;
        d. damage; or
        e. theft; and

    2. neither you nor the person operating it own or have registered.

(*Id.*, PageID 3-5, ¶ 13.) [2]

### Proposed Conclusions of Law

"Under Tennessee law, insurance policies are contracts and, thus, subject to the same rules of construction that are used to interpret other types of contracts." *Certain Underwriters at Lloyds, London*, 2011 WL 938407, *8. When evaluating insurance policies, "courts must give effect to the parties' intentions as reflected in their written contract of insurance." *Id.* Unambiguous policies should be enforced as written; whereas, ambiguous policies should be "construed in favor of the insured." *Id.*

Here, I find that the facts as set forth in the Complaint demonstrate that the Rental Vehicle was not a Newly Acquired Car or Non-Owned Car under the Policy. Roger Hopson leased the Rental Vehicle over fifty (50) days prior to the accident. Thus, pursuant to the Policy, the Rental Vehicle ceased to be a Newly Acquired Car at the end of the fourteenth (14th) calendar day after

---

[2] State Farm also attached a copy of the Policy to the Complaint. However, State Farm's Complaint appears to rest on the portions of the Policy quoted directly within the Complaint. Additionally, the copy of the Policy is illegible at various places. Therefore, I rely upon the portions of the Policy directly quoted in the Complaint in reaching my findings and conclusions.

it was delivered to Mr. Hopson.  Additionally, the Rental Vehicle is not covered as a Non-Owned Car because it was leased by Roger Hopson for 31 or more consecutive days immediately prior to the accident.

However, State Farm has not set forth sufficient facts for me to conclude that the Rental Vehicle was not a Temporary Substitute Car under the Policy.  State Farm fails to allege facts from which I can find that Mr. Hopson's Vehicle was not "out of use due to its breakdown, repair, servicing, damage, or theft." Similarly, State Farm does not define "a short time" under the Policy nor allege that the length of time that the rental car was leased does not qualify as a "short time."

Instead, State Farm alleges, "There is no information that Mr. Hopson's vehicle was out of use due to its breakdown, repair, servicing, damaging [sic], or theft." (D.E. 1, PageID 3, ¶ 12.) This allegation, indicating that State Farm has no information that Mr. Hopson's Vehicle was out of use for the listed reasons, taken as true, fails to meet State Farm's burden.  It does not provide sufficient factual detail to establish that the Rental Vehicle was not a Temporary Substitute Car under the Policy, and such detailed information is necessary to determine whether there was coverage and thus a duty to defend and/or indemnify.

**Recommendation**

For the foregoing reasons, I respectfully recommend that the District Court DENY State Farm's Motion for Default (D.E. 49.)


Respectfully submitted this the 17th day of January, 2020.

s/Jon A. York_____
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.  *SEE* 28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**