IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
TENNESSEE EASTERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-01094-JDB-jay ) |
| ROGER A HOPSON, CYNTHIA HOPSON, ANGELA HOPSON, NOAH W. THOMAS, EAN HOLDINGS, LLC D/B/A ENTERPRISE RENT-A-CAR, TENNESSEE, and FARMERS MUTUAL INSURANCE COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) |

## AMENDED REPORT AND RECOMMENDATION

On November 6, 2019, the Clerk entered default as to Defendants Angela Hopson, Cynthia Hopson, and Roger Hopson (the "Hopsons"). (Docket Entry ["D.E."] 47.) Subsequently, Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") filed its pending Motion for Default Judgment ("Motion for Default") against the Hopsons. (D.E. 49.) The Motion for Default Judgment was referred to the undersigned Magistrate Judge for report and recommendation. (D.E. 51.) On January 17, 2020, the undersigned Magistrate Judge entered a Report and Recommendation recommending that the Motion for Default be denied. (D.E. 58.)

On January 28, 2020, State Farm objected to the Report and Recommendation and requested that additional evidence, in the form of deposition testimony, be received. (D.E. 60.) Subsequently, this matter was again referred to the undersigned Magistrate Judge "for the purpose of reviewing and considering the additional evidence and issuing an amended report and

1

recommendation." (D.E. 61.) On April 14, 2020, State Farm filed the Deposition Transcripts of Angela Hopson and Roger Hopson. (D.E. 72; D.E. 73.) Having reviewed the deposition transcripts, I respectfully reiterate my recommendation that the District Court DENY State Farm's Motion for Default, (D.E. 49).

My original recommendation to deny the Motion for Default was based upon State Farm's failure to plead "facts from which I [could] find that Mr. Hopson's Vehicle was not in use due to its breakdown, repair, servicing, damage, or theft," and because State Farm did not define "a short time" under the Policy or "allege that the length of time that the rental car was leased does not qualify as a 'short time.'" (D.E. 58, PageID 236.) For the sake of brevity, I incorporate by reference the standard, proposed findings of fact, and conclusions of law contained within the original Report and Recommendation, (*Id.*).

In addition, I find and conclude that State Farm has not rectified its failure to plead the requisite facts for me to conclude that the Rental Vehicle was not a "Temporary Substitute Car" under the Policy. (*Id.*) Instead, State Farm has filed the deposition transcripts, (D.E. 72; D.E. 73), a Joint Motion for Declaratory Judgment, (D.E. 74), and a Motion for Summary Judgment, (D.E. 75). In this case, at the default judgment stage, I consider the Hopsons "to have admitted all of the well pleaded allegations **in the [C]omplaint**, except those relating to damages." *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 878 (S.D. Ohio 2007) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995)) (emphasis added). The well pleaded allegations in the Complaint still fail to allege that the Rental Vehicle was not a "Temporary Substitute Car" under the Policy.

My findings, conclusions, and recommendation are limited to the State Farm's request for Default Judgment. Through its Motion for Summary Judgment, State Farm may be able to

establish that the Rental Vehicle is not a "Temporary Substitute Car" or otherwise covered under the Policy.  Additionally, Angela Hopson's and Roger Hopson's appearance for their depositions militates against the entry of default judgment.  *See United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997) ("The decision to dismiss a claim or enter default judgment 'ought to be a last resort—ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.'") (quoting *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986)).

Accordingly, I respectfully recommend that the District Court DENY the Motion for Default, (D.E. 49).

Respectfully submitted this 8th day of May, 2020.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  *SEE* 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**